Erik Strindberg (Id. Bar No. 8905)
Lourdes Matsumoto (Id. Bar No. 9920)
1516 W. Hays Street
Boise, Idaho 83702
(t) 208.336.1788
(f) 208.287.3708
Email: erik@utahjobjustice.com
       lourdes@idahojobjustice.com

*Attorneys for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| **AMALIA PAZ**,<br><br>    Plaintiff,<br><br>v.<br><br>**CROOKHAM COMPANY**,<br><br>    Defendant. | **COMPLAINT<br>AND JURY DEMAND**<br><br>Case No.: 1:19-cv-56<br><br>Judge: |

Plaintiff Amalia Paz ("Ms. Paz" or "Plaintiff"), by and through her undersigned attorneys, hereby complains against Defendant Crookham Company ("Crookham" or "Defendant") as follows:

## I.  NATURE OF CLAIMS

1.  Plaintiff seeks redress for the Defendant's violation of the Americans with Disabilities Act of 1990, as amended by the ADA Amendments Act of 2008, 42 U.S.C. §§ 12101-12213 (the "ADA").

///

## II.  PARTIES

2. Ms. Paz is a citizen of the State of Idaho, and is currently residing in Notus, Idaho. At all times relevant to this case, she was employed by Crookham.

3. Crookham is an Idaho corporation, registered to conduct business in the State of Idaho.

## III.  JURISDICITON AND VENUE

4. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331.

5. Venue is proper with this Court pursuant to 28 U.S.C. § 1391(b), because all of the employment practices alleged to be unlawful were committed within the jurisdiction of this Court.

6. On or about June 16, 2017, Ms. Paz filed a Charge of Discrimination with the Idaho Human Rights Commission ("IHRC") and the United States Equal Employment Opportunity Commission, alleging discrimination on the basis of disability.

7. The IHRC issued Ms. Paz a Notice of Right to Sue dated November 16, 2018. This Complaint is timely filed within ninety (90) days of Ms. Paz's receipt of that letter.

## IV.  GENERAL ALLEGATIONS

8. Crookham hired Ms. Paz in 1987.

9. Throughout Ms. Paz's tenure at Crookham, she worked as a seed analyst and/or detasseler inspector, and was assigned to either the Seed Lab or Production Department depending on the season.

10. On October 18, 2016, Ms. Paz suffered a back and shoulder injury while working in the Seed Lab.

11. Following the injury, Ms. Paz's doctor diagnosed her injury as a strain of muscles, fascia, and tendon in the shoulder and upper arm level, along with a strain of muscle and tendon of the back wall of the thorax.

12. The doctor recommended light duty restrictions and allowed her to return to work beginning on November 4, 2016. Ms. Paz informed Crookham of these restrictions and returned to work that day.

13. Despite the work restrictions, Marija Topic ("Ms. Topic"), Ms. Paz's supervisor and Lab Manager, pushed Ms. Paz too do tasks beyond her work restrictions while working in the Seed Lab.

14. Ms. Paz reported Ms. Topic's behavior to Tracy Goff ("Ms. Goff"), Human Resources Manager.

15. Unfortunately, Ms. Paz's condition worsened and she was forced to go out on workers' compensation leave starting on November 11, 2016.

16. Following physical therapy and various chiropractic visits, a doctor the workers compensation carrier had ordered her to see cleared her to return to work without restrictions in regard to her back and shoulder on January 17, 2017.

17. However, Ms. Paz continued to suffer severe pain in her shoulder and neck which prevented her from performing her job duties.

18. Ms. Paz informed Crookham and Crookham allowed Ms. Paz to take leave to address these ongoing medical issues.

19. After undergoing extensive physical therapy, in early April 2017, Ms. Paz's doctor cleared her to work at Crookham in regard to her back and shoulder, and provided her with a note stating that "[s]he may work full time light duty."

20. Ms. Paz felt that with her work restrictions that she could return to work. As such, Ms. Paz provided Crookham with her doctor's note on April 13, 2017 by leaving it with the office manager Lisa Cowger.

21. Ms. Paz returned to work on April 17, 2017, and before starting to work, was told by the HR manager, Tracy Goff, that they needed more specific instructions from her doctor as to her work restrictions.

22. Ms. Paz immediately called her doctor and explained the situation and the doctor then faxed another note to Ms. Goff. The note stated that Ms. Paz was not to lift over 10 pounds and not reach or lift overhead.

23. Ms. Goff then spoke to the field department manager, was told to punch in and was directed to go to Building 26 to start working. Ms. Paz was assigned to a light duty job reading the information on the seed bags and relaying the information to the field manager.

24. After having worked only two hours, Ms. Goff and George Crookham ("Mr. Crookham"), owner of Crookham, stopped Ms. Paz from working and wanted to meet with her.

25. Mr. Crookham first demanded to know who had told Ms. Paz she could come to work. He then said to the effect of "well you can't do this, you can't do that, you can't do anything for this company."

26. Ms. Paz then asked if they could move her to "scancore" or "seed volt," as those jobs were easier to do and within her restrictions. She also pointed out that the jobs in the Seed Lab might be too physically demanding for her to perform at that time.

27. Ms. Goff and Ms. Crookham both refused Ms. Paz's request, reiterating that she (Ms. Paz) could not work at Crookham given her work restrictions.

28. Mr. Crookham and Ms. Goff then stated that even though they had already received two notes from her doctor, that before Ms. Paz could return to work, she would need to provide an even more detailed description of her work restrictions – supposedly out of concern for her safety.

29. Ms. Paz agreed to provide them with more information, and informed them that her doctor would be sending her in for a CT-scan for her neck within a couple weeks. She would then have more information in regard to her injuries.

30. At that point, Mr. Crookham sent Ms. Paz home on leave and told her that she was not allowed to return home from work until Crookham received further information regarding her work restrictions.

31. Before Ms. Paz was able to update them regarding her medical situation, Mr. Crookham and Ms. Goff decided that although there were jobs in the Production Department which Ms. Paz could perform (and even though she worked there previously) that were going to terminate her employment.

32. Crookham wrote Ms. Paz a letter discharging her from her position with Crookham, stating, "Unfortunately, the company is unable to create a position in the Production Department in order to continue your employment. Therefore, your employment with Crookham Company is terminated effective May 4, 2017."

33. This decision was made even though even though there were jobs at the company that Ms. Paz could have performed.

34. Further, Crookham terminated Ms. Paz without allowing her to provide additional information from her medical providers to Crookham – one of the stated reasons for termination, was for a "lack of definite medical release for non-work related injury."

## FIRST CAUSE OF ACTION
### (Disability Discrimination in Violation of the ADA – Regarded as Disabled)

35. Plaintiff incorporates the allegations contained in the paragraphs above as if fully set forth herein.

36. Crookham is an employer as defined by 42 U.S.C. §12111(5) and employs at least 15 or more employees for 20 or more weeks during the current and preceding calendar years.

37. Crookham made the erroneous assumption that Ms. Paz's medical impairment, even if it did not limit a major life function, made her incapable of performing her job.

38. Because of this assumption, Crookham terminated Ms. Paz' employment without determining whether in fact she could perform her job duties.

39. Because Crookham regarded Ms. Paz as having an impairment she was disabled within the meaning of 42 U.S.C. §§12102(1)(C) and 12102(3)) and therefore entitled to protection under the ADA.

40. Because Crookham terminated Ms. Paz because it regarded her as disabled, Crookham violated the terms of the ADA, specifically 42 U.S.C. §§12112, by discharging her from her position.

41. As a result of these violations, Ms. Paz is entitled to recover damages for lost wages and benefits, and pre-judgement interest on those amounts. She is also entitled to compensatory and emotional distress damages in an amount to be proven at trial.

42. Crookham's actions were taken with malice or reckless indifference to Ms. Paz's federally protected rights, and therefore, she is also entitled to punitive damages.

43. Ms. Paz is also entitled to recover attorney's fees and costs incurred in bringing this action.

## SECOND CAUSE OF ACTION
### (Discrimination and Failure to Provide Reasonable Accommodations in Violation of the ADA)

44. Plaintiff incorporates the allegations contained in the paragraphs above as if fully set forth herein.

45. At all times relevant hereto, Ms. Paz either had a physical impairment that substantially limited one or more major life functions, or had a record of such an impairment. Generally, she was severely limited in her ability to lift even light objects, and was not able to perform any sort of work where she had to reach overhead. She therefore had a disability as defined in 42 U.S.C. § 12101(1)(A) & (B).

46. Crookham had been aware of Ms. Paz's injuries and impairment beginning in November 2016 and the need for a reasonable accommodation in the form of slightly modified job duties.

47. Although Crookham was aware of Ms. Paz's impairment and the need for a reasonable accommodation, it refused to engage in the interactive process to determine what accommodation was necessary by terminating her even before receiving the additional doctor's note they had requested.

48. Crookham's conduct constitutes discrimination in violation of the ADA, specifically 42 U.S.C. § 12112, inasmuch as it discharged because of her disability without determining if she could perform the job with or without a reasonable accommodation.

49. Ms. Paz is entitled to recover damages for lost wages and benefits, plus prejudgment interest on those amounts. She is also entitled to compensatory and emotional distress damages in an amount to be proven at trial.

50. Crookham's actions were taken with malice or reckless indifference to Plaintiff's federally protected rights, and therefore, she is entitled to punitive damages in an amount to be proven at trial.

51. Plaintiff is also entitled to recover attorney's fees and costs incurred in bringing this action.

## REQUEST FOR JURY TRIAL

Plaintiff requests that this matter be tried before a jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment in her favor and against the Defendant, and award the following relief:

a. Back pay and benefits;

b. Front pay, in lieu of reinstatement;

c. Compensatory damages;

d. Punitive damages;

e. Pre-judgment and post-judgment interest at the highest lawful rate;

f. Attorney's fees and costs of this action, including expert witness fees, as appropriate; and

g. Such other relief as the court deems just and equitable.

DATED this 12th day of February, 2019.

**STRINDBERG & SCHOLNICK, LLC**

/s/ Erik Strindberg
Erik Strindberg
*Attorney for Plaintiff*